**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **SHERRY COX, et al.** | : | Civil Action No. C-1-01-643 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Hogan |
| vs. | : | |
| | : | |
| **METABOLIFE INTERNATIONAL, INC.** | : | |
| | : | |
| Defendant | : | |

| | | |
|---|---|---|
| **BARBARA J. BRADLEY, et al.** | : | Civil Action No. 02-CV-809 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Hogan |
| vs. | : | |
| | : | |
| **METABOLIFE INTERNATIONAL, INC.** | : | |
| | : | |
| Defendant | : | |

**PLAINTIFFS' MOTION TO CONSOLIDATE
CASES FOR TRIAL**

Plaintiffs respectfully move the Court to order that the two above-captioned cases be consolidated for trial. As set forth more specifically in the accompanying memorandum, Plaintiffs suggest that judicial economy and efficiency will be well served by such consolidation.

Respectfully submitted,

**/s/ Janet G. Abaray**
Janet G. Abaray, Esq.  (0002943)
Beverly H. Pace, Esq.  (0037534)
LOPEZ, HODES, RESTAINO,
MILMAN & SKIKOS
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600, (513) 852-5611 (fax)
jabaray@lopez-hodes.com
bpace@lopez-hodes.com
Attorney for Plaintiffs

**MEMORANDUM**

I. **Procedural Background**

The cases of *Sherry Cox, as Administrator of the Estate of Linda S. Beckman, deceased v. Metabolife* (Case No. C-1-01-643) and *Barbara Bradley, et al. v. Metabolife* (Case No. C-1-02-809) have been following the same pretrial schedule since April 23, 2003 by order of this Court (Docket No. 95). The deadline for filing dispositive motions in the *Cox* case had already passed at the time of the Order. The *Bradley* case had a dispositive motion deadline of June 27, 2003, according to its pretrial schedule in effect at that time. The Court ordered that both the *Bradley* case and the *Cox* Case would share the same deadline of July 22, 2003 for filing memoranda in opposition to dispositive motions. The Court further ordered that Reply memoranda were due in both cases on August 5, 2003. The Court then vacated the final pretrial conference and trial date in the Cox case,[1] indicating that the Cox trial would be rescheduled after the Court had ruled on dispositive motions.

On October 3, 2003, the Court granted Defendant's motion for summary judgment in part and denied the motion in part. In that Order, the Court consolidated its analysis of general causation and the various causes of action that would survive. The Court offered a separate discussion regarding the specific causation of the stroke suffered by Ms. Bradley and the stroke suffered by Ms. Beckman. As a result of the Court's Order, the causes of action Plaintiffs may assert at trial in both cases are identified and are the same, with the addition of a loss of consortium claim in *Bradley*.

---

[1] At that time two other cases were pending against Metabolife and had been joined in the captions of the *Bradley* and *Cox* cases. Since that time those two cases have been resolved.

3

In addition, Plaintiffs and Defendant for the most part have named the same experts in both cases. In both cases, Defendant identified (1) Dr. Rordorf (neurology); (2) Dr. Millard (pharmacology); (3) Mr. Goldhaber (warnings and labeling); and, (4) Dr. Molgaard (preventative medicine). Defendant named a different radiologist for each case but this testimony should neither be lengthy nor significantly disputed by Plaintiffs. Plaintiffs have also identified some of the same experts in both cases, such as: (1) Dr. Maggio (pharmacology); (2) Dr. Buncher (epidemiology); and, (3) Dr. Gerraughty (manufacturing). Plaintiffs will call a different expert in neurology in each case and the treaters will be different. Plaintiffs' evidence in proving Defendant's strict liability, negligence, breach of implied warranty, and fraud will be presented to the jury by using substantially the same witnesses and the same exhibits.

## II.    Legal Background

Consolidation is governed by Federal Rule of Civil Procedure 42(a):

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated, and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The matter of consolidating cases involving the same factual and legal questions is within the discretion of the trial court. *See, e.g., Stemler v. Burke*, 344 F2d 393, 396 (6th Cir. 1965). A court may issue an order of consolidation *sua sponte*. *See Cantrell v. GAF Corp.* 999 F2d 1007, 1011 (6th Cir. 1993).

In making a decision to consolidate, a trial court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the

4

> burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id, quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 7766 F.2d 1492 (11th Cir. 1985). In the *Bradley* and *Cox* cases there is an abundance of common factual and legal issues and, as a result, a risk for inconsistent adjudications of such common factual and legal issues, if these cases are not consolidated.

### III. Conclusion

Based on the foregoing, Plaintiffs ask the Court to consider consolidation of the above-captioned cases in the interest of judicial economy[2].

Respectfully submitted,

**/s/ Janet G. Abaray**
Janet G. Abaray, Esq. (0002943)
Beverly H. Pace, Esq. (0037534)
LOPEZ, HODES, RESTAINO,
MILMAN & SKIKOS
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611 (fax)
jabaray@lopez-hodes.com
bpace@lopez-hodes.com

Attorney for Plaintiffs

---

[2] Plaintiffs have attempted to contact Defendant to inquire as to whether Defendant would stipulate to such a consolidation. However, Plaintiffs have not received a response from Defendant at this time.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was served by and ordinary U.S. Mail on this the 8th of October 2003, upon the following:

Thomas P. Mannion, Esq.
Sutter O'Connell Mannion & Farchione Co.
3600 Erieview Tower
1301 East 9th Street
Cleveland, OH  44114

Attorney for Defendant

                                    **/s/ Janet G. Abaray**
                                    Janet G. Abaray