## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **SHERRY COX, as Administrator of the Estate of Linda S. Beckman, deceased** | **CASE NO:    C-01-643** |
| **Plaintiff** | **JUDGE    SANDRA S. BECKWITH**<br>**Magistrate    Timothy S. Hogan** |
| **vs.** | |
| **METABOLIFE INTERNATIONAL, INC.** | |
| **Defendant** | |
| **BARBARA J. BRADLEY, ET AL.** | **CASE NO:    C-1-02-809** |
| **Plaintiffs** | **JUDGE    SANDRA BECKWITH**<br>**Magistrate    Timothy S. Hogan** |
| **vs.** | **DEFENDANT'S MEMORANDUM AND OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE** |
| **METABOLIFE INTERNATIONAL, INC** | |
| **Defendant** | |

NOW comes Defendant Metabolife International, Inc. ("Metabolife"), and hereby Respectfully requests that this Court deny Plaintiff's Motion to Consolidate trial in these two matters.

First, Defendant believes that Plaintiffs' motion is moot because the court set the Cox v. Metabolife trial for a different trial date after the instant Motion to Consolidate was filed.

Second, both parties are currently preparing for the trial of Bradley v. Metabolife, set for November 10, 2003.

Third, Plaintiffs' motion should be denied for a myriad of other reasons, including, but not limited to, the following:

1.    The mechanism of injury is vastly different in both cases.  The <u>Cox</u> matter involved a congenital defect, namely, a berry aneurism.  The <u>Bradley</u> matter involves a dissected vertebral artery that is extra cranial.

2.    Proximate cause issues are completely different in these two cases.

3.    In <u>Cox,</u> significant issues will be tried relating to the identification of the product, which was discarded.  In that case, defendant will rely heavily on the fact that the product in question, which was contained in a large brown bottle (a type of bottle Metabolife never used), was not manufactured, distributed, or sold by Metabolife.  In the <u>Bradley</u> matter, issues may also arise regarding the identification of the product, but it is not a primary defense, it does not involve a container never used by Metabolife, and the product was allegedly not discarded.

4.    Issues relating to warning and implied warranty are vastly different in these two cases, and introduction of testimony on these issues as it relates to both Barbara Bradley and Linda Beckman would be highly confusing and misleading to a jury.

5.    Issues of notice are different between the two cases.

6.    Issues of damages are different between the two cases.

7.    The scientific research related to the mechanism of injury is different between the two cases. In fact, not a single publication or research article known to the Defendant or identified by Plaintiff in <u>Bradley</u> relates vertebral artery dissection to ephedrine.

8.    The cases involve different experts from a radiological standpoint and, to some extent, from a neurological standpoint.

9.    Allowing two separate claims to be brought before the jury at the same time could unfairly prejudice the Defendant if a jury concludes that liability is more likely simply because multiple claims are being brought against the Defendant. This is precisely the reason that Defendant will file a Motion In Limine in both cases to preclude evidence of other claims or lawsuits.

Defendant could list a dozen or more other differences between these two cases, but the preceding list provides at least a sampling of the differences.  To consolidate these two cases would result in presenting a jury with a nearly impossible task of trying to decipher and separate evidence relating to liability, warnings, damages, mechanism of injury, proximate cause, and various other issues.  Consolidation of these two

cases would confuse and mislead the jury and would be unfairly and highly prejudicial to the

Defendant.

Based on the foregoing, and in the interest of justice, Metabolife International, Inc..

respectfully requests that this Court deny Plaintiffs' Motion to Consolidate.

Respectfully submitted,


/s/Christina J. Marshall

Thomas P. Mannion (0062551)
Christina J. Marshall (0069963)
Sutter O'Connell Mannion & Farchione
3600 Erieview Tower
Cleveland , Ohio 44114
Telephone:  (216) 928-2200
Facsimile:  (216) 928-4400

Trial Counsel for Defendant Metabolife
International, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the

following, this 24th day of October, 2003:


Janet G. Abaray, Esq.
Beverly H. Pace, Esq.
Lopez, Hodes, Restaino, Milman, & Skikos
312 Walnut Street, Suite 2090
Cincinnati, Ohio 45202


/s/ Christina Marshall
Thomas P. Mannion (0062551)
Christina J. Marshall (0069963)

Attorney for Defendant Metabolife
International, Inc.