IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SHERRY COX, et al. : | Civil Action No. C-1-01-643 |
| : | |
| Plaintiffs, : | Judge Beckwith |
| : | Magistrate Hogan |
| vs. : | |
| : | |
| METABOLIFE INTERNATIONAL, INC. : | |
| : | |
| Defendant : | |

**NOTICE OF CORRECTION TO
PLAINTIFF'S MOTION TO EXCLUDE**

This notice is to respectfully advise the Court that Plaintiff inadvertently misstated on Page 6 of Plaintiff's Motion to Exclude Defendants' Expert Witness Testimony that Dr. Molgaard "admitted that he did not know that there was a mix-up of the raw data in the 6-month Boozer study.  (Molgaard depo. at pp. 109, 111, 114-115.)"  Plaintiff should have stated that Dr. Molgaard admitted he did not know the details of the mix-up in the Boozer study, but that he had been alerted that a mix-up had occurred and chose to rely upon the results anyway.

Dr. Molgaard testified that he learned from Metabolife attorneys while he was testifying in Alabama that a mix-up in the Boozer data occurred, but that it only involved two individuals, and that he did not follow up to obtain further information about the product mix-up.  (Molgaard depo. at pp.109-111.)   Therefore, Dr. Molgaard remained

1

unaware at the time of his deposition that Dr. Boozer re-examined the entirety of the leftover pills from her study (Molgaard depo. at p.111), that the FDA requested all of Dr. Boozer's raw data (Molgaard depo. at p.112), that the FDA formed a special committee to review Dr. Boozer's raw data (Id.), that she sat in a conference room and broke capsules apart to determine if they contained active or placebo product (Molgaard depo. at p.113), and that she wrote a letter about the error to the International Journal of Obesity. (Molgaard depo. at p.111.) In fact, Dr. Molgaard had been given a copy of the transcript of Dr. Boozer's deposition a few days before his deposition, but had not read it yet. (Molgaard depo. at p.55.)

Finally, he was unaware that experts from the FDA panel determined that Dr. Boozer's study was "impossible to rely on." (Molgaard depo. at pp.56-57.)

Respectfully submitted,

**/s/ Janet G. Abaray**
Janet G. Abaray, Esq.  (0002943)
Beverly H. Pace, Esq.  (0037534)
LOPEZ, HODES, RESTAINO,
MILMAN & SKIKOS
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611 (fax)
jabaray@lopez-hodes.com
bpace@lopez-hodes.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

  I hereby certify that on this 16th day of December, 2003, a true and correct copy of the foregoing was electronically filed with the Clerk and was served via electronic mail service through the Clerk on the following:

Thomas P. Mannion, Esq.
Sutter O'Connell Mannion & Farchione Co.
3600 Erieview Tower
1301 East 9th Street
Cleveland, OH  44114

Attorney for Defendant

                **/s/ Janet G. Abaray**
                Janet G. Abaray