```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION


Sherry Cox, as Administrator of    )
 the Estate of Linda S. Beckman,   )
                                   )
                     Plaintiff,    )    Case No. C-1-01-643
                                   )
    vs.                            )
                                   )
Metabolife International, Inc.,    )
                                   )
                     Defendant.    )
```

Memorandum and Order

      This matter came before the Court on December 15, 2003 for a hearing on Plaintiff's motion to exclude the testimony of three witnesses offered as experts by Defendant (Doc. 115). The three witnesses are Craig A. Molgaard, Ph.D., a professor of preventive medicine and public health, who would opine upon cardiovascular epidemiology and neuroepidemiology and, specifically, the capacity of ephedra-based products to cause stroke; Ronald W. Millard, Ph.D., a professor of pharmacology, who would opine upon whether Metabolife with ephedra causes, or has the capacity to cause, strokes or heart attacks; and Guy Rordorf, M.D., an assistant professor of neurology and the Associate Director of the Neuroscience Intensive Care Unit at Massachusetts General Hospital, who would opine upon the effect of ephedra upon Linda Beckman's blood pressure and the genesis of her berry aneurysm.

      Plaintiff does not challenge the qualifications of these witnesses to testify as proposed. Rather, she contends

that their proposed testimony would be unreliable and that, accordingly, it is inadmissible under Rule 702 of the Federal Rules of Evidence and the standards adopted in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

Effective December 1, 2000, Rule 702 was amended to reflect the Daubert inquiry. The Rule now provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The inquiry is "a flexible one." Daubert, 509 U.S. at 594. The factors identified are neither exhaustive nor definitive and may or may not be pertinent to the assessment of admissibility in a particular case. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999). The trial court's function in applying Rule 702 includes a determination as to whether the identified factors are reasonable measures of reliability in a given case. See id. at 152.

In this case, the parties are faced with issues of causation that may not be determined on the basis of definitive scientific or medical evidence. Plaintiff alleges that Defendant's product caused Linda Beckman's death. Direct evidence in support of that allegation is not available. Rather,

Ms. Beckman died of a medical condition whose etiology may be identified only through scientific evidence isolating possible causes and the likelihood that they are implicated in Ms. Beckman's case.  Of necessity, the parties must rely upon expert testimony to identify and explain those possible causes to the trier of fact.

Under Rule 702, the experts who will thus assist the trier of fact in this case must base their opinions upon reliable facts, data, principles, and methods.  Where reliable studies aimed at determining the effects of a particular product upon health have been conducted, the results of those studies provide the consummate reliable data upon which an expert may base an opinion as to the likelihood that the product caused an injury or death.  No such studies have been conducted with respect to Metabolife 356 or a product containing the same ingredients in precisely the same formulation, however.  The lack of such data is the genesis of the parties' present dispute.

In the absence of directly probative studies, the parties propose to introduce the testimony of competing experts, each of whom will opine on the basis of data that is not directly apposite but, nonetheless, may provide some guidance to the expert in forming an opinion.  The experts propose to offer their opinions on the basis of such data, considered in light of their considerable experience and education in the appropriate fields.  This situation is not especially unusual in the products liability area in which studies on the safety of the precise

aspect of the product at issue are quite often unavailable. In such cases, the inquiry becomes whether data arising from the study of a closely related or similar product may serve as a surrogate basis upon which the expert may opine.

In this case, the experts are compelled to rely upon existing data related to the type of injury suffered by Ms. Beckman and studies of the effects of ephedrine and similar substances upon health. That data is not consistently supportive of Plaintiff's claims nor consistently adverse. Rather, some of the data suggests a connection and some discounts any such connection. Each of the three experts in question has relied upon such data, considered in the presence of his extensive relevant experience and education, and opines in a manner that is less than favorable to Plaintiff's claims.

Plaintiff challenges the data upon which each of the experts relies as being flawed or outdated or not as reliable as that upon which her experts rely. The issue of which data is more reliable is not one which this Court is in a position to resolve. Neither set of data is patently unreliable, particularly in light of the opposing party's opportunity to educate the trier of fact as to the competing data and alleged flaws in principles or methods. Under such circumstances, the data, together with the expert's extensive experience and work in the area, provide sufficient, reliable scientific data upon which to base an admissible expert opinion. See Glaser v. Thompson Medical Co., Inc., 32 F.3d 969, 975 (6th Cir. 1994). Differences

of opinions among the experts do not invalidate any of the expert's opinions, but, rather, they create material issues of fact for the trier of fact to resolve. See id.

The Court is insufficiently advised with respect to any of the studies upon which the experts for either party rely to determine that the study may not, as a matter of law, be the basis for expert opinion. The parties identify the studies by author name and have not provided the Court with sufficient detail to permit a conclusion that any study is so flawed or obviously unreliable as to render inadmissible the opinion of an expert who has read and considered it.

In any event, each of the expert witnesses for Defendant intends to testify on the basis of his own experience and education, augmented or informed to one degree or another by various studies. None of the experts in question proposes to testify on the basis, exclusively, of his own "personal opinion or belief." Turpin v. Merrell Dow Pharmaceuticals, Inc., 959 F.2d 1349, 1360 (6th Cir.), cert. denied, 506 U.S. 826 (1992). Their opinions are not, therefore, excludable on the ground that they "go far beyond the known facts that form the premise for the conclusion stated." Id. Rather, each relies upon data that is, to one degree or another, sufficient and reliable, or, at the very least, qualifiedly reliable. In light of the absence of data bearing directly on the causation issues presented, such expert testimony is necessary and admissible, subject to cross-

examination by opposing counsel and contradiction by opposing experts.  For those reasons, Plaintiff's motion to exclude the testimony of Defendant's three expert witnesses (Doc. 115) is hereby **DENIED**.

        **IT IS SO ORDERED.**

                                                                   _____/s/_____
                                          Sandra S. Beckwith
                                          United States District Judge